BEAM, Circuit Judge.
 

 Yell Forestry Products, Inc. appeals the granting of a motion for summary judgment filed by The First State Bank of Plainview. We affirm.
 

 I. Background
 

 As part of the plan of reorganization of the bankrupt Plainview Lumber Company (Plainview) under Chapter 11 of the Bankruptcy Code, Yell Forestry Products, Inc. (Yell) agreed to purchase 100% of Plain-view’s stock. The plan was proposed by The First State Bank of Plainview (the Bank), Yell, the Arkansas Industrial Development Commission and the unsecured creditors committee, and was confirmed by the bankruptcy court.
 

 Following purchase of the stock by Yell, it learned of an Environmental Protection Agency (EPA) claim which imposed liability on Plainview, and therefore Yell, as purchaser of Plainview’s stock. The EPA claim arose out of the use by Plainview or an affiliate of “penta,” a wood treatment.
 

 Yell filed a complaint in district court against the Bank claiming fraud in violation of state and federal securities law and common law fraud. The complaint alleged that the Bank, as the major creditor of Plainview and the main proponent of the plan of reorganization, knew of the EPA claim and failed to disclose it to Yell. These grounds had been raised earlier by Yell as a counterclaim to a foreclosure action by the Bank on property Yell received from Plainview. The counterclaim was dismissed as being untimely filed.
 

 The Bank moved for a dismissal of Yell’s complaint for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). The motion to dismiss was subsequently converted to one for summary judgment, which motion the district court granted.
 

 II. Discussion
 

 Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds. Fed.R.Civ.P. 56(c). “[T]he party opposite the summary judgment must be given the benefit of all favorable factual inferences, and summary judgment cannot be granted when the non-mov-ant shows that an allegedly undisputed fact actually presents a triable issue.”
 
 Holloway v. Lockhart,
 
 813 F.2d 874, 878 (8th Cir.1987).
 

 Yell contends that the failure of the Bank to reveal information in the plan’s disclosure statement about the EPA claim impaired the value of the Plainview stock
 
 *584
 
 purchased by Yell and, therefore, constituted securities fraud under state and federal law and common law fraud. However, pursuant to 11 U.S.C. § 1125(d), non-bankruptcy law, rules and regulations are not applicable to a determination of whether a disclosure statement contains adequate information. In addition, section 1125(e) provides that “[a] person that solicits, in good faith and in compliance with the applicable provisions of this title * * * the offer, issuance, sale, or purchase of a security, offered or sold under the plan, of [a] debtor * * * is not liable, on account of such solicitation or participation, for violation of any applicable law, rule, or regulation governing the offer, issuance, sale, or purchase of securities.” Although section 1125(e) specifies only liability under laws governing securities, we feel that the purpose of section 1125(e) would be defeated if an action could be maintained against a proponent for common law fraud in the sale of securities pursuant to a plan of reorganization.
 

 The bankruptcy court found, as stated in its two orders, dated August 19, 1983, and August 29, 1983, that the Bank had shown good faith as required by section 1125(e). The Bank is, therefore, entitled to the protection of the safe harbor provisions of the section. The purpose of section 1125(e) is to protect creditors and others, like the Bank, from potential liability under the securities laws when they solicit acceptance of a plan through the use of an approved disclosure statement.
 
 See
 
 H.R.Rep. No. 595, 95th Cong., 2d Sess. at 229-31.
 

 Yell argues that the Bank did not, in fact, show good faith. This is evidenced, Yell contends, by the Bank’s failure to disclose what the Bank knew about the possible EPA liability. The Bank responds by emphasizing that it had objected to the disclosure statements of two earlier plans proposed by Plainview due to the fact that the disclosure statements did not provide any information about potential EPA liability. However, in spite of the objections, the bankruptcy court found that the information in the disclosure statements prepared by Plainview was adequate without Plain-view making reference to the potential EPA liability. The Court approved the second of the two disclosure statements, stating that it contained adequate information. Therefore, we find the Bank had no duty to further notify Yell of the EPA problem in the disclosure statement which was prepared by the Bank.
 

 A finding of good faith will not always protect a proponent of a plan from charges of fraud. This situation, however, is unique because Yell was also a proponent of the plan. This fact was noted by the bankruptcy court in the order confirming the plan of reorganization. In addition, in a statement submitted by the Bank to the district court pursuant to Local Rule 29, which rule deals with facts presented for consideration with motions for summary judgment, the Bank stated that Yell was a proponent of the plan. For purposes of the pending motion, the facts set forth in the Bank’s statement were deemed to be admitted by Yell because they were not controverted as required by the rule. Thus, as a proponent of the plan, Yell cannot claim to be an “outsider who was totally dependent upon the disclosure statement in arriving at a decision to purchase Plainview’s stock.” Appellant’s Brief at 30.
 

 We also consider the fact that the objections to the prior disclosure statements were accessible to Yell. Although we recognize that it is an onerous task to review every document filed in connection with a bankruptcy, it is not unreasonable to expect a company such as Yell which is planning to purchase 100% of the stock of a debtor, to review earlier plan proposals and disclosure statements and note objections lodged. The court index will usually clearly disclose objections filed, thereby making the search reasonably easy.
 

 Accordingly, we find that the Bank was entitled to the protection of section 1125(e) and that Yell cannot maintain an action for fraud under federal or state securities law or for common law fraud.
 

 III. Conclusion
 

 For the foregoing reasons, the judgment of the district court is affirmed.